FILED

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VOLODYMYR KUZMENKO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 10-73154 <br><br> Agency No. A098-157-041 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Volodymyr Kuzmenko, a native of the former Soviet Union and a citizen of

Ukraine, petitions for review of the Board of Immigration Appeals' ("BIA") order

denying his motion to reopen removal proceedings.  Our jurisdiction is governed

by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen, review for substantial evidence the agency's factual determinations, and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kuzmenko's motion to reopen based on ineffective assistance of counsel, where Kuzmenko failed to establish prejudice resulting from his former attorney's alleged ineffective assistance. *See id.* at 793 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel failed to perform with sufficient competence and that he was prejudiced by counsel's performance). The record does not support Kuzmenko's contention that his attorney failed to understand that his claim was for an imputed political opinion, and because substantial evidence supports the IJ's determination that, even if Kuzmenko had been deemed credible, his claim for asylum and related relief fails on the merits, Kuzmenko cannot establish prejudice resulting from any alleged attorney errors related to the IJ's adverse credibility determination.

We lack jurisdiction to consider Kuzmenko's unexhausted contention that his attorney erred in earlier filing a motion to reopen to apply for adjustment of status. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks

jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

Further, we deny Kuzmenko's request for judicial notice of non-relevant, extra-record information discussed in his opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based"); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (judicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court).

In light of this disposition, we do not reach Kuzmenko's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**